966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey Allen YOUNG, Petitioner-Appellant,
v.
David HASKELL, Warden, Respondent-Appellee.
 No. 92-1015.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Jeffrey Allen Young, a pro se Michigan prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1978, a jury found Young guilty of first degree murder. The conviction was affirmed by the Michigan Court of Appeals, People v. Young, 308 N.W.2d 194 (Mich.Ct.App.1981), but was subsequently reversed and remanded for an evidentiary hearing by the Michigan Supreme Court, People v. Young, 340 N.W.2d 805 (Mich.1983). Following the remand and appeal, the Michigan Supreme Court ordered a new trial on the charge of second degree murder. People v. Young, 391 N.W.2d 270 (Mich.1986).
 
 
 3
 In January 1987, a jury convicted Young of second degree murder for which he received a life sentence. On appeal, Young alleged that: 1) the trial court erred by refusing to admit the 1980 pre-sentence report of witness Terrence Coleman; 2) the trial court erred by refusing to give a requested jury instruction concerning the significance of Coleman's sentence; and 3) the trial court incorrectly calculated the Sentencing Information Report. The Michigan Court of Appeals affirmed the conviction. The Michigan Supreme Court denied leave to appeal. In his petition for a writ of habeas corpus, Young raised only the first and second claims that he presented to Michigan's appellate courts. The case was referred to a magistrate judge who recommended that the petition be dismissed. Over Young's objections, the district court adopted the magistrate judge's report and dismissed the case.
 
 
 4
 Young filed this timely appeal raising the same issues he presented to the district court. He requests oral argument and moves for the appointment of counsel.
 
 
 5
 Upon de novo review, we conclude that Young received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Accordingly, we deny Young's requests for relief and affirm the district court's judgment for the reasons set forth in the magistrate judge's report filed on March 15, 1991, as adopted by the district court on November 13,1 991. Rule 9(b)(3), Rules of the Sixth Circuit.